IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTGOMERY CARL AKERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-2192-DWD |
| | ) |
| DANIEL SPROUL, WARDEN USP MARION, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Petitioner's Motions to Substitute Respondent (Doc. 23) and Appoint Counsel (Doc. 24). Petitioner, an inmate at USP Marion, filed a Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) under 28 U.S.C. § 2241. Petitioner was sentenced for a wire fraud offense in the United States District Court for the District of Kansas in November 2006. (Doc. 1, pg. 2). Petitioner alleges, *inter alia*, he is entitled to good-time credit and a release from custody under the First Step Act of 2018. (Doc. 1, pg. 1). He was allegedly eligible for home confinement release on November 2, 2022. (Doc. 1, pgs. 5-6). Petitioner also claims he is eligible for, but being denied, placement in "the newly established 'VETS PROGRAM.'" (Doc. 1, pgs. 6-7). The Court, without commenting on the merits, found the Petition survived a Rule 4 preliminary review. (Doc. 14). Respondent's answer or other pleading is due on February 21, 2023. (Doc. 22). Petitioner then has until March 23, 2023, to file a reply. (Doc. 22). Also, on December 5, 2022, Daniel Sproul, as the Warden of USP Marion, was substituted as the Respondent. (Doc. 22).

Now, Petitioner has filed a Motion to Substitute Respondent.[1] He argues the prior Respondent, Nathan Simpkins, is the proper Respondent. Petitioner submits "[t]he current Warden [of USP Marion], Daniel Sproul, has no authority or power over the Petitioner[,] who is currently housed in a 'terrorist unit' under the custody and control of the" counterterrorism unit, located in Martinsburg, West Virginia. (Doc. 23, pg. 3). Petitioner continues, "Nathan Simpkins is the so-called custodian over the Petition [*sic*] in his scope of employment with the counter terrorism unit." (Doc. 23, pg. 3). Upon consideration of Petitioner's request, the Court **DENIES** the Motion to Substitute Respondent. The Seventh Circuit has made clear, "when the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). The Court notes, in this and another case filed in the Southern District of Illinois, Petitioner described Nathan Simpkins as a Case Manager at USP Marion. *See Akers v. Sproul et al.*, No. 22-2469, Doc. 1, pgs. 1-3 (S.D. Ill. 2022); (Doc. 24, pg. 2).

Next, Petitioner states he "has experienced atypical interference with his ability to hire counsel to defend him on any and all matters he has brought to the Court within the United States." (Doc. 24, pg. 1). This is not a proper basis for habeas relief, and Petitioner's ability to initiate civil rights actions has been restricted by the Seventh Circuit. *See Akers v. Roal, et al.*, App. No. 11-3268 (7th Cir. April 24, 2012).

---

[1] In the Motion to Substitute Respondent, Petitioner discusses the merits of the claims contained in the Petition. Such discussions should be reserved for Petitioner's Reply, due March 23, 2023, to Respondent's Response.

Therefore, for present purposes, the Court notes there is no constitutional right to counsel during collateral review, *i.e.*, during a review of a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *accord Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). Instead, under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must appoint legal counsel only if it finds an evidentiary hearing is warranted and the petitioner qualifies for appointed counsel under 18 U.S.C. § 3006A.[2] [3] *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. At this stage, which is prior to any briefing of the issues, an evidentiary hearing is not warranted under Rule 8(c).

Further, the Court declines to otherwise exercise its discretion to appoint counsel at this stage in the case. *See* 28 U.S.C. § 2254(h); *see also* 18 U.S.C. § 3006A(2). The following five factors are considered for that issue: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)).

---

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241, the Rules Governing Section 2254 Cases in the United States District Courts may be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

[3] On October 25, 2022, the Court granted Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2).

At this juncture, Petitioner's claims are colorable to the extent that they survived a Rule 4 preliminary review. *See id.*; (Doc. 14). However, given the nature of Petitioner's claims, it does not appear he or Respondent will have many "crucial facts" to investigate. *See Wilson*, 716 F.2d at 418. Notably, though, Respondent is required to, *inter alia*, attach "parts of the transcript[s] that…[he] considers relevant" to his response. *See* Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may also order the furnishing of other parts of existing transcripts *See id*. For these same reasons, the nature of the relevant evidence is not such that the truth will more likely be exposed if both sides are represented by counsel. *See Wilson*, 716 F.2d at 418. Finally, at this pre-briefing stage, Petitioner has done well to present the case and the legal issues are not so complex as to warrant the appointment of counsel. Thus, at this stage in the case, Petitioner's Motion for the Appointment of Counsel is **DENIED without prejudice**.

**SO ORDERED.**

Dated: January 30, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge