IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTGOMERY CARL AKERS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 3:22-cv-2192-DWD |
| DANIEL SPROUL, Warden USP Marion, | ) ) ) ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are Petitioner's Motion for an Order to Show Cause (Docs. 27 & 31), Motion for a Telephonic Conference with Retained Counsel (Doc. 30), and Motion for Status Hearing Via Video Conference (Doc. 34).[1][2]

Petitioner, an inmate at USP Marion, filed a Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) under 28 U.S.C. § 2241. The Court found the Petition survived a Rule 4 preliminary review, so it ordered the service of process on Respondent. (Docs. 14 & 15). Respondent filed a Response to the Petition. (Doc. 26).

On March 6, 2023, Petitioner filed the Motion for an Order to Show Cause. Petitioner alleges Respondent has interfered with his ability to hire and work with legal counsel, interfered with his access to the Court, and obstructed his mail, phone, and email communications. (Doc. 27, pgs. 2-4). Therefore, Petitioner requests an order to show cause

---

[1]Doc. 31 represents an Addendum to the Motion for an Order to Show Cause.
[2]On March 20, 2023, Petitioner filed a Motion for an Extension of Time to File a Reply (Doc. 29), which is now **DENIED as moot**. The deadline for a Reply was terminated on March 8, 2023. (Doc. 28).

or, if the Court is not satisfied with Respondent's explanation, an evidentiary hearing. (Doc. 27, pgs. 4-5). In support of the Motion, Petitioner attaches a letter from the assistant of Donald W. "Mac" MacPherson of The MacPherson Group, P.C., in Peoria, Arizona.[3] (Doc. 27, pg. 7). The letter states Mr. MacPherson "tried to set up a legal call" with Petitioner on February 7, 2023. (Doc. 27, pg. 7). Mr. MacPherson attached, to the letter, email communications that he had with Nathan Simpkins, a Case Manager at USP Marion. (Doc. 27, pgs. 7-8). In response to Mr. MacPherson's request to set up a legal call, Mr. Simpkins responded: "Per policy, calls are only permitted when there is an impending deadline in which a legal visit or legal mail can not [*sic*] happen." (Doc. 27, pg. 8).[4] In addition, Mr. MacPherson indicated to Petitioner that, as they discussed, Petitioner was "going to try to get Mac's number approved." (Doc. 27, pg. 7).

On March 8, 2023, the Court directed Respondent to file a Response to Petitioner's Motion. (Doc. 28). The Court also terminated Petitioner's Reply deadline of March 23, 2023, stating that deadline would be reset at a subsequent date. (Doc. 28).

Respondent's Response was filed on March 21, 2023. (Doc. 32). Respondent attached the Declaration of Jamie Conover, an Intelligence Analyst for the Bureau of

---

[3]The Court notes that Petitioner refers to Mr. MacPherson as "retained counsel," but Mr. MacPherson has not entered a notice of appearance in this case.

[4]Mr. Simpkins cited 28 C.F.R. § 540.204 on "Telephone communication limitations," which states:

> "*Unmonitored telephone communication* is limited to privileged communication with the inmate's attorney. Unmonitored privileged telephone communication with the inmate's attorney is permitted as necessary in furtherance of active litigation, after establishing that communication with the verified attorney by confidential correspondence or visiting, or monitored telephone use, is not adequate due to an urgent or impending deadline."

(Doc. 27, pg. 8).

Prisons' Counter Terrorism Unit. (Docs. 32 & 32-1). Her responsibilities include the "review of incoming and outgoing communications for inmates on her caseload," including Petitioner. (Doc. 32). Respondent argues the Declaration evinces that Petitioner's claims are meritless. (Doc. 32). Ms. Conover attests to the following under penalty of perjury: (1) it was her understanding that institution staff determined Petitioner did not qualify for a legal call under § 540.204 in early February 2023; (2) she reviewed and approved outgoing or incoming legal mail between Petitioner and the MacPherson Group on January 24, February 16, February 22, February 28, March 2, and March 6, 2023; (3) Petitioner had monitored calls with the MacPherson Group on January 23, January 30, February 6, February 14, February 21, February 22, March 3, and March 7, 2023; (4) Petitioner "has never been blocked from speaking with MacPherson in any way"; and (5) she has "not interfered with Petitioner's legal mail, and…[is] not aware of anyone else at BOP who is interfering with Petitioner's legal mail." (Doc. 32-1, pgs. 3-6).

Further, on March 20 and April 5, 2023, Petitioner filed the Motions for Telephonic Conference with Retained Counsel and Status Hearing Via Video Conference, respectively. In the Motion for Telephonic Conference with Retained Counsel, Petitioner seeks "a court order ordering the BOP USP-Marion CMU to set up and provide telephonic contact for the Petitioner and his retained counsel," Mr. MacPherson. (Doc. 30, pg. 3). Petitioner raises substantially the same arguments in the Motion for Status Hearing Via Video Conference as in the other filings discussed in this Memorandum & Order.

In a Response to the Motion for Telephonic Conference, filed on March 31, 2023, Respondent notes, "[a]t this time, no attorney has entered an appearance as counsel of

record for Petitioner." (Doc. 33, pg. 2). Respondent also emphasizes that Petitioner had the above-referenced monitored calls with Mr. MacPherson, and he "has never been blocked from speaking with such law firm." (Doc. 33, pg. 2). Respondent attached the above-discussed Declaration of Ms. Conover to this Response, as well. (Doc. 33-1).

Here, in relation to the denial of an "[u]nmonitored telephone communication" under § 540.204 and Petitioner's request for a telephonic conference, the Court will neither "second guess" the judgment of the prison officials at USP Marion nor interfere with their prison administration. *See U. S. ex rel. Miller v. Twomey*, 333 F. Supp. 1352, 1353 (N.D. Ill. 1971); *see also Preston v. Thompson*, 589 F.2d 300, 303 (7th Cir. 1978) ("Courts should be hesitant to interfere with the discretion afforded prison officials."); *Blair v. Schmaling*, No. 16-cv-1563, 2017 WL 680432, *2 (E.D. Wisc. Feb. 21, 2017) ("As a general rule the Court does not interfere in matters of prison administration."). The Court finds, based on the present filings, there is no cause for broader concern related to Petitioner's communications. Indeed, as is detailed by Ms. Conover's Declaration, Petitioner's other communications were reviewed and approved on six occasions, Petitioner had monitored telephone calls with the MacPherson Group on eight occasions, and Ms. Conover is not aware of any "blocked" communications between Petitioner and Mr. MacPherson or any interference with Petitioner's legal mail by BOP personnel. (Docs. 32-1, pgs. 3-6; 33-1, pgs. 3-6).[5] Based on the attestations of Ms. Conover, under penalty of perjury, the Court is satisfied with Respondent's explanations in Response to the Motions

---

[5]The Court also notes, based on its prompt receipt of Petitioner's multiple filings in this case and his discussion of the issues therein, there appears to be no impediment to the sending of legal mail to the Court.

4

for an Order to Show Cause and for a Telephonic Conference. The Court also finds those explanations equally apply to the Motion for Status Hearing Via Video Conference.

For these reasons, all pending Motions are **DENIED**. Having ruled on all pending Motions, the Court **RESETS** Petitioner's deadline to file a Reply in this case. Such a Reply, if any, shall be filed on or before June 5, 2023.[6]

**SO ORDERED.**

Dated: April 6, 2023

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge

---

[6]Petitioner has indicated a desire for 60 days in which to file a Reply (Doc. 29, pg. 2), and Respondent has stated he does not object to such a deadline. (Doc. 33, pg. 1)